Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **LABORATORIO CLINICO LOS PUERTOS, INC**<br><br>Peticionaria<br><br><br>v.<br><br><br>**ADRIAN GARCIA SANTOS**<br><br>Parte recurrida | KLCE202300904 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm.:<br>**TA2022CV01119 (501)**<br><br><br>Sobre: **Cobro de Dinero-Ordinario Daños y Perjuicios** |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece la parte peticionaria, Laboratorio Clínico Los Puertos, Inc., mediante el recurso de epígrafe, y nos solicita la revocación de la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 7 de junio de 2023, notificada el 8 del mismo mes y año. En el referido dictamen, el foro recurrido declaró *No ha lugar* la solicitud de remedios presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, *se deniega la expedición del auto solicitado.*

### I

El 3 de noviembre de 2022, el Laboratorio Clínico Los Puertos, Inc., en adelante Laboratorio o peticionario, presentó una *"Demanda"* sobre cobro de dinero y daños y perjuicios en contra de

Adrián García Santos, en adelante García Santos o recurrido.[1] En lo pertinente, alegó que García Santos libró y cambió un cheque por la suma de cuarenta y tres mil diez dólares ($43,010), sin la autorización de la Junta de Directores del Laboratorio.

En respuesta, el 8 de marzo de 2023, García Santos presentó "*Contestación a Demanda y Reconvención*".[2] Indicó que la Junta de Directores del Laboratorio estaba compuesta por Alexandra López Santos, en adelante López Santos, y él. Adujo que ambos acordaron librar el cheque para pagar una deuda. En su *"Reconvención"* expuso que López Santos y él estuvieron casados bajo el régimen de sociedad legal de gananciales, a pesar de haber acordado capitulaciones matrimoniales. Alegó que, a la fecha, López Santos, no le había pagado por sus aportaciones al negocio que tenían en conjunto.

Así las cosas, el 10 de abril de 2023, el Laboratorio presentó *"Moción en Solicitud de Remedio a Base de las Reglas 6.2, 6.3, 10.4 y 10.5 de las de Procedimiento Civil".*[3]  En ella, solicitó al tribunal que ordenara a García Santos a que demostrara los hechos que se relacionaban a las siguientes alegaciones:

1. La Demanda, según redactada, deja de exponer una causa de accion a favor de la parte demandante y en contra de la aquí compareciente.

   [...]

7.  Falta de partes indispensable.

   [...]

22. La parte demandada niega toda alegación contenida en la demanda que no haya sido expresamente admitida.

   [...]

16. [*sic*] La parte demandada se reserva el derecho de enmendar su contestación a la demanda y sus defensas afirmativas a tenor con el descubrimiento de prueba del caso.

---

[1] Exhibit 1 del recurso, págs. 1-4.
[2] Exhibit 2 del recurso, págs. 5-13.
[3] Exhibit 2 del recurso, págs. 14-28.

Por otra parte, el Laboratorio solicitó en la referida moción que se tuviesen por renunciadas las defensas levantadas en la contestación a la demanda en base a la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, que no hubieran sido planteadas de forma clara, expresa y específica. A su vez, le peticionó al foro primario que ordenara a García Santos a hacer una exposición más definida de la primera alegación de su *"Reconvención"*, en la cual expresó: "[s]e incorporan por referencia las contestaciones y defensas afirmativas expresadas anteriormente". Finalmente, solicitó que se eliminaran de dicha reconvención todas las alegaciones dirigidas a López Santos, porque no tenían relación con la acción de epígrafe y se dirigían a una persona jurídica distinta y separada de la corporación.

El 5 de junio de 2023, García Santos se opuso a la solicitud de remedios.[4] Arguyó, entre otras cosas, que las alegaciones planteadas en su *"Contestación a Demanda y Reconvención"* se hicieron a manera de reserva, para que cuando comience el descubrimiento de prueba pudiesen presentarse las defensas afirmativas que correspondan.

Examinadas las posturas de las partes, el 7 de junio de 2023, notificada el 8 del mismo mes y año, el Tribunal de Primera Instancia declaró *No ha Lugar* la solicitud de remedios presentada por el Laboratorio; excepto con relación a la petición de una exposición más definida de la primera alegación de la *"Reconvención"* instada por García Santos.[5]

Insatisfecho, el 21 de junio de 2023, el Laboratorio presentó *"Moción de Reconsideración"*.[6] Evaluada la solicitud, el 11 de julio de

---

[4] Exhibit 4 del recurso, págs. 25-28.
[5] Exhibit 5 del recurso, págs. 29-30.
[6] Exhibit 7 del recurso, págs. 31-35.

2023, notificada el 17 del mismo mes y año, el foro primario declaró *No ha lugar* la reconsideración.[7]

Aún inconforme con dicha determinación, el 15 de agosto de 2023, la parte peticionaria acude ante nos mediante el recurso del epígrafe y realiza los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Moción en Solicitud de Remedio y no eliminar las defensas afirmativas levantadas por la demandada.

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Moción en Solicitud de Remedio y no entender por renunciadas las defensas afirmativas por la manera en que fueron levantadas por la parte demandada.

Evaluado lo anterior, ordenamos a la parte recurrida a presentar su posición conforme dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37. Luego de transcurrido un término adicional, según se nos solicitó, el 11 de septiembre de 2023, García Santos compareció en oposición.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

---

[7] Exhibit 9 del recurso, págs. 41-42.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros,* supra. Véase, además, *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020), *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## III

La parte peticionaria expone que las defensas afirmativas esbozadas por García Santos en su "*Contestación a Demanda y Reconvención*" no fueron lo suficiente específicas y se plantearon de manera general y sin fundamentos, por lo que el foro *a quo* incidió en no darlas por renunciadas.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Al entender sobre el planteamiento que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar sin lugar la solicitud de remedios presentada por el Laboratorio.

Por otra parte, este Foro no debe de entender en asuntos sobre defensas afirmativas, a menos que se demuestre un fracaso a la justicia, cónsono con la Regla 52.1 de Procedimiento Civil, *supra*. Al examinar el pronunciamiento del cual se recurre, se desprende que el mismo no está contenido en las instancias contempladas por la citada Regla para que este Foro pueda entender sobre ello. Nuestras facultades para atender asuntos interlocutorios están expresamente delimitadas por el ordenamiento procesal antes citado. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse un fracaso a la justicia. *800 Ponce de León v. AIG*, 205 DPR 163, 175 (2020). Ello, nos hace concluir

que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

En virtud de lo anterior, y en ausencia de prueba que nos permita resolver en contrario, *denegamos expedir el auto de certiorari* que nos ocupa, conforme a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de certiorari solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones